JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIPOLITO O. MORALES, | Case No. 5:21-01751-JVS (ADS) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| B. CATES, | |
| Respondent. | |

## I. **INTRODUCTION**

Before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by Petitioner Hipolito O. Morales ("Petitioner"). (Dkt. No. 1.) On February 3, 2022, the Court issued an Order Regarding Screening of Petition ("OSP") because the Petition appears to be untimely and Grounds One and Two fail to state a cognizable claim for habeas relief. (Dkt. No. 6.) Petitioner did not file a response to the OSP by the February 24, 2022 deadline. (Id.) As a result, on March 14, 2022, the Court issued an Order to Show Cause ("OSC"), ordering Petitioner to show cause by April 4, 2022 why this action should not be dismissed for failure to prosecute. (Dkt. No.

7.)  As of the date of this Order, Petitioner has not filed a response to either the OSP or the OSC, or otherwise communicated with the Court.

## II.     FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS

Petitioner has failed to prosecute this habeas petition and comply with court orders.  Petitioner did not respond to two court orders.  Both the OSP and the OSC expressly cautioned Petitioner that failure to respond would result in a recommendation that the action be dismissed for lack of prosecution and failure to obey court orders pursuant to Federal Rule of Civil Procedure 41(b).  (Dkt. Nos. 6, 7.)

Petitioner's repeated failure to respond despite court orders to do so reflects a lack of prosecution of the case.  In Carey v. King, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination of whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Id. at 1440.

Upon consideration of the five Carey factors, the Court finds that Petitioner's failure to prosecute his case and failure to comply with the Court's orders warrant dismissal.  The first two Carey factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely awaiting Petitioner's response to the Court's directive.  The third factor—risk of prejudice to Respondent— also weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976) (stating that the "law presumes injury from

unreasonable delay"). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors in favor of dismissal.

Finally, Petitioner has already been cautioned of the consequences of his failure to prosecute and ordered to show cause why the action should not be dismissed. Petitioner has been afforded the opportunity to do so yet has not responded. No sanction lesser than dismissal is feasible here. Thus, dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b).

### III. CONCLUSION

IT IS THEREFORE ORDERED that this action be summarily dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: May 10, 2022

_____
THE HONORABLE JAMES V. SELNA
United States District Judge

Presented by:

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge